UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KONE INC., a Delaware corporation,

    Plaintiff,

CASE NO. _____

v.

SAVANNAH MALL REALTY HOLDING, LLC,
a Georgia limited liability company,

    Defendant.

_____

## COMPLAINT

Plaintiff, KONE INC. ("Plaintiff"), through counsel, hereby sues Defendant, SAVANNAH MALL REALTY HOLDING, LLC ("Defendant"), upon personal knowledge as to itself and its acts and experiences and upon information and belief as to all other matters, and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff is and was, at all times relevant, a Delaware for-profit corporation maintaining a place of business in Jacksonville, Duval County, Florida.

2. Defendant is and was, at all times relevant, a Georgia limited liability company with its principal address in Great Neck, New York. Upon information and belief, all members of Defendant are citizens of the State of Georgia and/or the State of New York.

3. This Court has original jurisdiction over all claims asserted herein pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

4. This Court has personal jurisdiction over Defendant, which is subject to the personal jurisdiction of this Court and is otherwise *sui juris*, by virtue of entering into one or more

contracts containing a mandatory forum selection clause wherein Defendant consented to and submitted itself exclusively to personal jurisdiction in this District. Defendant is further subject to the long arm-jurisdiction of the State of Florida pursuant to Section 48.193 of the Florida Statutes because it is a business entity that conducts business in this State.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because: (a) Defendant conducted business and engaged in activities that have an effect in this District; (b) Defendant entered into a contract containing a mandatory forum selection clause whereby it consented to and submitted itself to jurisdiction in Florida; and (c) Plaintiff is authorized to do business and is doing business within Duval County, Florida.

## GENERAL ALLEGATIONS

**A. The Repair Contract.**

6. On or about April 15, 2019, Plaintiff and Defendant entered into a written contract [No. 341668204] (the "Repair Contract"), pursuant to which Plaintiff agreed to repair the "up" escalator at the Dillard's store in the Savannah Mall, in exchange for which Defendant agreed to pay Plaintiff the total amount of $144,980, payable as follows: (a) $36,245 due upon signing; (b) another $36,245 due when Plaintiff arrived on site; and (c) $72,490 due upon completion of work.

7. Plaintiff timely completed all work required, and otherwise fully performed, under the terms of the Repair Contract.

8. On or about October 30, 2020, Plaintiff sent Defendant an invoice for $36,245 due and owing under the Repair Contract.

9. On or about April 21, 2021, Plaintiff sent Defendant an invoice for the remaining $72,490.00 due and owing under the Repair Contract.

10. To date, Defendant has failed to submit payment for such unpaid balance due under

the Repair Contract, thereby materially breaching the terms thereof.

11. As a result of Defendant's material breach of the Repair Contract, Defendant owes Plaintiff the total amount of no less than **$108,735.00**.

**B. The Maintenance Contract.**

12. On or about August 7, 2019, Plaintiff and Defendant entered into a written maintenance contract [No. 41710135] (the "Maintenance Contract"), pursuant to which Plaintiff agreed to adjust, lubricate, and otherwise maintain the vertical transportation equipment (*i.e.*, escalators, elevators and related components) located at the Savannah Mall (the "Equipment"), in exchange for which Defendant agreed to pay Plaintiff $3,868.96 per month, payable on a quarterly basis, in advance, throughout the term of the Maintenance Contract.

13. The Maintenance Contract was to continue for a period of five years, and automatically renew for successive five-year terms, unless terminated by one of the parties by providing prior written notice to the other party no less than 90-days and not more than 120-day prior to the expiration of the then current term thereof.

14. Plaintiff complied with and otherwise fully performed in accordance with the terms of the Maintenance Contract.

15. On or about July 6, 2021, Defendant submitted a check to Plaintiff for the quarterly balance due under the Maintenance Contract, in the amount of $11,606.88. However, that check was returned by the bank for insufficient funds.

16. Defendant failed to resubmit that overdue payment, and subsequently failed to submit payment for the next quarterly balance due under the Maintenance Contract.

17. Defendant therefore materially breached the Maintenance Contract by failing to pay all amounts when due in accordance with the express terms thereof.

18. Pursuant to its terms, if the Maintenance Contract is breached by Defendant and such breach is not cured within thirty-days after it receiving notice thereof, Plaintiff is authorized to terminate the Contract upon 15-days written notice to Defendant.

19. From and between June 23, 2021 through December 21, 2021, Plaintiff provided Defendant with multiple written notices that it had failed to timely pay all amounts due under the Maintenance Contract, while requesting that Defendant timely cure such default.

20. Defendant failed to cure such default as requested.

21. On or about December 27, 2021, Plaintiff sent Defendant a Notice of Intent to Suspend Service (the "Suspension Letter"), notifying Defendant that it was in material breach of the Maintenance Contract for failing to pay the amount then due and owing, and requesting Defendant to pay said amount within 15-days from the date of the Suspension Letter.

22. Defendant failed to cure the breach as requested and Plaintiff was forced to suspend services and otherwise terminate the Maintenance Contract pursuant to its terms.

23. Pursuant to its terms, if the Maintenance Contract is terminated because of Defendant's breach thereof, Defendant agreed to pay Plaintiff a cancellation fee equal to 50% of the balance of the total price owed for the remaining term thereof.

24. As a result of Defendant's material breach of the Maintenance Contract, Defendant owes Plaintiff for past due invoices of no less than $23,910.24, plus liquidated damages of no less than $123,806.72, for the total amount due of no less than **$147,716.96**.

**C. Common Allegations.**

25. As a direct and proximate cause of Defendant's material breach of both the Repair Contract and the Maintenance Contract, Plaintiff has incurred damages.

26. Pursuant to the terms of both the Repair Contract and the Maintenance Contract,

Plaintiff is also authorized to recover all costs incurred collecting all amounts due thereunder, including, without limitation, all court costs, and reasonable attorneys' fees.

27. Plaintiff has retained the legal services of the undersigned law firm to represent it in this cause and has agreed and become obligated to pay it a reasonable fee for its services.

28. All conditions precedent to the maintenance of the causes of action set forth herein have occurred, been waived, or excused.

## COUNT I – BREACH OF CONTRACT
### (Repair Contract)

29. Plaintiff incorporates by reference and realleges each allegation set forth in paragraphs 1—10 and 24—28 hereinabove, as if set forth fully herein.

30. Plaintiff and Defendant entered into the Repair Contract.

31. Plaintiff fully performed its duties in all material respects in accordance with and pursuant to the terms of the Repair Contract.

32. Defendant materially breached the Repair Contract by, among other things, failing to pay all amounts due thereunder in accordance with the terms thereof.

33. As a direct and proximate result of Defendant's material breach of the Repair Contract, Plaintiff has sustained damages.

WHEREFORE, Plaintiff demands judgment on this count in its favor and against Defendant for damages of no less than **$108,735.00**, together with interest, costs, reasonable attorney's fees, and such other and further relief as is just, equitable and proper.

## COUNT II – UNJUST ENRICHMENT
### (Alternative to Count I)

34. Plaintiff incorporates by reference and realleges each allegation set forth in paragraphs 1—10 and 24—28 hereinabove, as if set forth fully herein.

35. This is an action for equitable relief within the equitable jurisdiction of this Court, pled in the alternative.

36. For purposes of this Count, Plaintiff alleges that the Repair Contract does not apply to the actions described in this Count and/or the actions described herein were outside of the coverage of said contract.

37. At all times material, Plaintiff conferred benefits upon Defendant.

38. Defendant was aware of and voluntarily accepted and retained such benefits.

39. Defendant acquired and retained such benefits through fraudulent and/or otherwise inequitable means.

40. It would be inequitable to allow Defendant to retain these benefits under the circumstances, and Defendant has been unjustly enriched thereby.

41. As a direct and proximate result of such conduct, Defendant has been unjustly enriched.

42. Plaintiff has no adequate remedy at law for the continuing actions of Defendant, which that led to its unjust enrichment.

43. As a direct and proximate result of such conduct, Plaintiff has suffered and sustained damages.

WHEREFORE, Plaintiff demands judgment on this count in its favor and against Defendant for damages, together with interest, costs and disbursements, and such other and further relief as this Court deems just, equitable and proper under the circumstances.

## COUNT III – BREACH OF CONTRACT
### (Maintenance Contract)

44. Plaintiff incorporates by reference and realleges each allegation set forth in paragraphs 1—5 and 11—28 hereinabove, as if set forth fully herein.

45. Plaintiff and Defendant entered into the Maintenance Contract.

46. Plaintiff fully performed its duties in all material respects in accordance with and pursuant to the terms of the Maintenance Contract.

47. Defendant materially breached the Maintenance Contract by, among other things, failing to pay all amounts due thereunder in accordance with the terms thereof.

48. As a direct and proximate result of Defendant's material breach of the Maintenance Contract, Plaintiff has sustained damages.

WHEREFORE, Plaintiff demands judgment on this count in its favor and against Defendant for damages of no less than **$147,716.96**, together with interest, costs, reasonable attorney's fees, and such other and further relief as is just, equitable and proper.

### COUNT IV – UNJUST ENRICHMENT
### (Alternative to Count III)

49. Plaintiff incorporates by reference and realleges each allegation set forth in paragraphs 1—5 and 11—28 hereinabove, as if set forth fully herein.

50. This is an action for equitable relief within the equitable jurisdiction of this Court, pled in the alternative.

51. For purposes of this Count, Plaintiff alleges the Maintenance Contract does not apply to the actions described in this Count and/or the actions described herein were outside of the coverage of said contract.

52. At all times material, Plaintiff conferred benefits upon Defendant.

53. Defendant was aware of and voluntarily accepted and retained such benefits.

54. Defendant acquired and retained such benefits through fraudulent and/or otherwise inequitable means.

55. It would be inequitable to allow Defendant to retain these benefits under the

circumstances, and Defendant has been unjustly enriched thereby.

56. As a direct and proximate result of such conduct, Defendant has been unjustly enriched.

57. Plaintiff has no adequate remedy at law for the continuing actions of Defendant, which that led to its unjust enrichment.

58. As a direct and proximate result of such conduct, Plaintiff has suffered and sustained damages.

WHEREFORE, Plaintiff demands judgment on this count in its favor and against Defendant for damages, together with interest, costs and disbursements, and such other and further relief as this Court deems just, equitable and proper under the circumstances.

DATED: March 8, 2023.

SHAPIRO, BLASI, WASSERMAN
 & HERMANN, P.A.

7777 Glades Road, Suite 400
Boca Raton, Florida 33434
Phone: 561-477-7800
Fax:    561-477-7722
*Attorneys for Plaintiff, KONE, INC.*

*/s/ Stuart A. Weinstein*
Stuart A. Weinstein, Esq.
Fla. Bar No. 0526630
E: sweinstein@sbwh.law
Matthew S. Kish, Esq.
Fla. Bar No. 491640
E: mkish@sbwh.law