UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KONE INC., a Delaware corporation,

    Plaintiff,                                   CASE NO.: 3:23-CV-00259-TJC-PDB

v.

SAVANNAH MALL REALTY HOLDING, LLC,
a Georgia limited liability company,

    Defendant.

_____/

**MOTION FOR FINAL DEFAULT JUDGMENT AS TO COUNTS I AND III**

Plaintiff, KONE INC. ("Plaintiff"), through counsel and pursuant to Rule 55(b)(1),[1] files this Motion for Final Default Judgment ("Motion"), seeking a final default judgment against Defendant, SAVANNAH MALL REALTY HOLDING, LLC ("Defendant") with respect to its breach of contract claims (to wit, Counts I and III), and in support states:

**BACKGROUND**

1.    On March 8, 2023, based on diversity jurisdiction, Plaintiff initiated this action upon the filing of a four count Complaint ("Complaint") asserting claims under Florida law seeking to enforce two separate written contracts. [ECF #1].

2.    Specifically, on or about April 15, 2019, the parties executed a Repair Contract, pursuant to which Plaintiff agreed to repair an escalator in the Savannah Mall for which Defendant agreed to pay the total amount of $144,980.00. *See* Compl. [ECF #1] at ¶ 6 and Ex. A. Then, on or about August 7, 2019, the parties executed a Maintenance Contract, pursuant to final which

---

[1] References to "Rule(s)" refers to the Federal Rules of Civil Procedure; and references to "Local Rule(s)" refers to the Local Rules of the U.S. Court for the Middle District of Florida.

Plaintiff agreed to maintain the vertical transportation equipment in the Savannah Mall for which Defendant agreed to pay $3,868.96 per month, payable in advance on a quarterly basis. *See id.* at ¶ 12 and Ex. B.

3. Plaintiff fully performed under the terms of both contracts, *id.* ¶¶ 7, 14; however, Defendant materially breached both the Repair Contract and the Maintenance Contract by failing to pay all amounts due thereunder. *Id.* ¶¶ 10, 17. As a result, Defendant owes Plaintiff $108,735.00 under the Repair Contract, *id.* ¶ 14, and another $147,716.96 under the Maintenance Contract. *Id.* ¶ 24. Accordingly, Defendant owes Plaintiff the total amount of $256,451.96.

4. Both the Repair Contract and the Maintenance Contract further provide for default rate interest equal to the greater of 1½% per month or the maximum rate permitted by applicable law. *Id.* at Ex. A (Repair Contract), p.3; Ex. B (Maintenance Contract), § 5. Both contracts also expressly allow Plaintiff to recover its court costs and reasonable attorneys' fees. *See id.*

5. Based on such allegations, the Complaint asserts four claims: (A) Count I – Breach of Contract (Repair Contract); (B) Count III – Unjust Enrichment (pled in the alternative to Count I); (C) Count III – Breach of Contract (Maintenance Contract); and (D) Count IV – Unjust Enrichment (pled in the alternative to Count III), seeking liquidated damages totaling $256,451.96, plus prejudgment interest, attorney's fees, and taxable costs. *Id.*

6. On April 11, 2023, Defendant was properly served with a copy of the Summons and Complaint through its Registered Agent, Vcorp Agent Services, Inc., 289 South Culver Street, Lawrenceville, Georgia 30046. [ECF #9].

7. Pursuant to Rule 12, Defendant was required to file a response to the Complaint on or before May 2, 2023; however, Defendant failed to file any responsive papers within the prescribed time.

8.      Accordingly, on May 31, 2023, Plaintiff moved for a Clerk's Default. [ECF #10]. On June 1, 2023, the Clerk of this Court entered a Default against Defendant. [ECF #11].

## MEMORANDUM OF LAW

Rule 55 sets forth a two-step process for obtaining default judgment. *Regal Nails, Salon & Spa, LLC v. Ha*, 2021 WL 4976529, at *2 (S.D. Fla. Sept. 9, 2021). When a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court is authorized to enter a Clerk's default. Fed. R. Civ. P. 55(a). "A court may not enter a final default judgment based solely on the existence of a clerk's default." *Redwood Mgmt., LLC v. Cavu Res., Inc.*, 2014 WL 12863134, at *1 (S.D. Fla. July 10, 2014). Instead, "a court must examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to a default judgment." *Gonopolsky v. Korchak*, 2007 WL 3333482, at *1 (M.D. Fla. Nov. 8, 2007).

After entry of the Clerk's default, the Court may enter default judgment against the defendant. Fed. R. Civ. P. 55(b)(2)); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987) (where party offers no good reason for late filing of answer, entry of default judgment appropriate). A motion for default final judgment must also include affidavits of any sum certain due by the defendants, and any other supporting documentation necessary to determine the plaintiff's measure of damages. *M.D. v. B & L Serv. Inc.*, 2015 WL 12803626, at *1 (S.D. Fla. Jan. 14, 2015). *see also* Local Rule 1.10.

**B.      Plaintiff's allegations are well-pled and sufficient to establish liability.**

Now that Defendant has been defaulted, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings, LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). A review of Plaintiff's pleadings shows that its allegations are well-pled.

Plaintiff has pled the existence, breach, and resulting damages from its contractual relationships with Defendant in accordance with Rule 8(a), with respect to both the Repair Contract and the Maintenance Contract. Based upon such well-pled allegations, the Court should find there is a sufficient basis to enter a default judgment in Plaintiff's favor on both breach of contract counts (i.e., Count I and III). *See Transportation All. Bank Inc. v. Morex Auto. Corp.*, No. 1:19-CV-22082, 2019 WL 6727854, at *2 (S.D. Fla. Dec. 11, 2019). To the extent that the Complaint asserts alternative claims for unjust enrichment (Counts II and IV), those claims should be dismissed.

### C. There is sufficient evidence to support an award of damages.

Plaintiff's Complaint provides sufficient support and evidence for this Court to calculate ands award damages. In support of Counts I (Breach of Repair Contract), the Complaint alleges that Plaintiff fully performed under that contract while Defendant failed to pay (a) an invoice for $36,245.00 due when Plaintiff arrived on site; and (b) a second invoice for $72,490 that was due upon completion of work, thereby materially breaching that contract. Compl. [ECF #1], ¶¶ 7—10.

Similarly, in support of Count III (Breach of Maintenance Contract), the Complaint alleges that Plaintiff also performed under that contract until July 6, 2021, when Defendant defaulted by submitting a check for $11,606.88 that was returned for insufficient funds and subsequently failed to make any additional payments due thereafter, resulting in an unpaid balance of $23,910.24. *Id.* ¶¶ 15—17, 24. Pursuant to the terms of that contract, Plaintiff provided Defendant with multiple written notices of the default, but Defendant failed to cure the default as requested. *Id.* ¶¶ 18—21. As a result, Plaintiff terminated the contract in accordance with its terms, at which point, Defendant also became liable to pay Plaintiff $123,806.72 pursuant to a default "liquidated damages" clause, resulting in a total amount of $147,716.96 due under that contract. *Id.* ¶¶ 22—23.

Pursuant to the terms of both the Repair Contract and the Maintenance Contract, Plaintiff

is also entitled to recover from Defendant its taxable court costs and reasonable attorney's fees, as well as interest equal to the greater of 1½% per month or the maximum rate permitted by applicable law. *Id.* at Ex. A (Repair Contract), p.3; Ex. B (Maintenance Contract), § 5. Thus, based on the liquidated amounts due under the respective contracts, Plaintiff is also owed prejudgment interest totaling $102,627.29. *See* Affidavit of Indebtedness, attached hereto as Exhibit A.[2]

Based upon entry of the Default, Defendant has admitted all allegations in the Complaint without the need to file any additional papers or proceedings. Plaintiff is entitled to the damages determined with exactness from the cause of action as pled. The Affidavit of Indebtedness of Plaintiff's representative serves as evidence in support of Plaintiff's damages claim and calculation of contract rate interest. *See generally*, Ex. A. Accordingly, through this Motion, Plaintiff seeks final judgment in its favor and against Defendant for its legal breach of contract claims (Counts I and III), dismissal of its alternative equitable claims (Counts II and IV), an award of prejudgment interest and entitlement to recover all reasonable attorneys' fees and costs.

## CONCLUSION

WHEREFORE, Plaintiff, KONE INC., respectfully requests this Court enter an Order granting this Motion, while granting a Final Default Judgment in its favor and against Defendant, SAVANNAH MALL REALTY HOLDING, LLC at to Counts I and III of the Complaint, in the total liquidated amount of **$359,079.25**, granting entitlement to attorneys' fees and costs incurred by Plaintiff, reserving jurisdiction to determine the amount and reasonableness of such fees and costs, and granting such further relief as this Court deems just and proper under the circumstances.

*[Space left intentionally blank]*

---

[2] Plaintiff is only seeking entitlement to attorneys' fees and costs at this time and respectfully requests the Court retain jurisdiction to determine the amount and reasonableness of such fees and costs at a later date.

Dated: March 16, 2023.                    Respectfully submitted:

SHAPIRO, BLASI, WASSERMAN
 & HERMANN, P.A.

*/s/ Matthew Kish*
Matthew S. Kish, Esq.
Fla Bar. No. 491640
Email: mkish@sbwh.law
Stuart A. Weinstein, Esq.
Fla. Bar No. 0526630
Email: sweinstein@sbwh.law
7777 Glades Road, Suite 400
Boca Raton, Florida 33434
Phone: 561-477-7800
Fax: 561-477-7722
*Attorneys for KONE, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this July 20, 2023, I certify that the foregoing document is being served this day U.S. first class mail to:

SAVANNAH MALL REALTY HOLDING, LLC
c/o Vcorp Agent Services, Inc.
Registered Agent
289 S Culver Street
Lawrenceville, GA, 30046

-and-

SAVANNAH MALL REALTY HOLDING, LLC
1010 Northern Boulevard, Suite 212
Great Neck, NY, 11021

                                                              */s/ Matthew S. Kish*
                                                              Matthew S. Kish

# EXHIBIT A
(Affidavit of Indebtedness)

[1035.012/5524507/1]

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KONE INC., a Delaware corporation,

    Plaintiff,

v.   CASE NO.: 3:23-CV-00259-TJC-PDB

SAVANNAH MALL REALTY HOLDING,
LLC, a Georgia limited liability company,

    Defendant.
_____

**AFFIDAVIT OF INDEBTEDNESS**
**IN SUPPORT OF MOTION FOR FINAL DEFAULT JUDGMENT**

BEFORE ME, the undersigned authority personally appeared _Ron McCoy_ ("Affiant"), who is personally known to me, and after being duly sworn and taking an oath, deposes and says that:

1. I am above the legal age of majority and otherwise competent to make this affidavit. I make this affidavit of my own personal knowledge, except where otherwise indicated, and have personal knowledge of the facts contained in this Affidavit.

2. I have examined the books, records and documents kept by Plaintiff, KONE, Inc. ("Plaintiff" or "KONE") concerning its contractual relationship with Defendant, Seminole Mall Realty Holding, LLC ("Defendant" or "Seminole"). These records are now maintained in the ordinary course of the business of KONE, and I am responsible for their maintenance or oversee their maintenance. As such, I am intimately familiar with these specific records.

3. Pursuant to the terms of the Repair Contract between the parties dated April 15, 2019, Defendant owes Plaintiff the total amount of $132,645.24 on account of: (A) Invoice #1158142640 for $36,245.00; and (B) Invoice #1158142641 for $72,490.00.

[1035.012/5524651/1]

4. Pursuant to the terms of the Maintenance Contract between the parties dated August 7, 2019, Defendant owes Plaintiff the total amount of $147,716.96 on account of: (A) Invoice #959941229 for $11,955.12; (B) Invoice # 962050279 for $11,955.12; and (C) "liquidated damages" in the amount of $123,806.72 (i.e., 50% of the balance of the price owed for the remaining term of the contract).

(A) I have calculated prejudgment interest from the date of breach of the Repair Contract (April 21, 2021) through July 31, 2023, according to the pre-judgment interest rates provided thereunder (i.e., 1½% per month), which amounts to $45,179.39 of prejudgment interest based on the $108,735.00 principal amount due under the Repair Contract. The total principal and interest owed by Defendant on account of the Repair Contract is therefore $153,914.39.

(B) I have calculated prejudgment interest from the date of breach of the Maintenance Contract (December 27, 2021) through July 31, 2023, according to the pre-judgment interest rates provided thereunder (i.e., 1½% per month), which amounts to $42,911.78 of prejudgment interest based on the $147,716.96 principal amount due under the Maintenance Contract. The total principal and interest owed by Defendant on account of the Maintenance Contract is therefore $190,627.74.

(C) KONE is therefore entitled to a final default judgment in the total liquidated amount of **$344,542.13**, plus reasonable attorneys' fees and costs in an amount to be determined upon the filing of appropriate support by counsel.

[*Space Left Intentionally Blank*]

FURTHER AFFIANT SAYETH NAUGHT.

Name: Ron McCoy

STATE OF FLORIDA           )
                           ) SS:
COUNTY OF ORANGE           )

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared Ron McCoy, who is personally known to me and who did/did not take an oath.

WITNESS my hand and official seal on this 20th day of July, 2023.

SEAL

NOTARY PUBLIC, State of FLORIDA

My Commission Expires: 3/24/2026



Notary Public State of Florida
Amy Mohr Saxour
My Commission
HH 233189
Exp. 3/24/2026

[1035.012/5524651/1]