United States District Court
Middle District of Florida
Jacksonville Division

**KONE, INC.**,

 *Plaintiff*,

v.                **NO. 3:23-CV-259-TJC-PDB**

**SAVANNAH MALL REALTY HOLDING, LLC**,

 *Defendant.*

## Order

 The plaintiff moves for final default judgment on claims for breach of contract. Doc. 14. The motion is **denied without prejudice** to filing an amended motion by **September 6, 2023**, that complies with Local Rule 1.08 and satisfies these directives.

 The motion must explain references to "Ex. A" and "Ex. B" considering that no agreements were attached to the complaint, Doc. 1, and "Ex. A" to the motion is an affidavit, Doc. 14 at 8–10.

 The motion must explain how the Court has subject-matter jurisdiction, including by specifying the plaintiff's place of incorporation and principal place of business; each member of the defendant and the citizenship of each member; and, if any member is also a limited liability company, the name and citizenship of each member of that limited liability company, and so on. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[A] limited liability company is a citizen of any state of

which a member of the company is a citizen."); *AFC Franchising, LLC v. Purugganan*, No. 20-13849-AA, 2021 WL 1541511, at *1 (11th Cir. Apr. 6, 2021) ("[A] party must list the citizenships of all of an LLC's members to establish jurisdiction, and a blanket assertion … that unidentified members are not citizens of a particular state is insufficient to satisfy this standard.").

The motion must explain how the Court has personal jurisdiction over the defendant and include the long-arm provision that applies. *See* Fla. Stat. § 685.102(1) ("[A]ny person may, to the extent permitted under the United States Constitution, maintain in this state an action or proceeding against any person or other entity residing or located outside this state, if the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of the law of this state, in whole or in part, has been made pursuant to s. 685.101 and which contains a provision by which such person or other entity residing or located outside this state agrees to submit to the jurisdiction of the courts of this state."); Fla. Stat. § 685.101(1) (requiring an "obligation arising out of a transaction involving in the aggregate not less than $250,000"); *Bach v. Vladigor Invs., Inc.*, 325 So. 3d 41, 44 (Fla. 4th DCA 2021) (interpreting the statutes).

The motion must explain how service of process was proper. *See* Doc. 9 (return of service explaining that the process server served a manager of the registered agent); Fed. R. Civ. P. 4(h) (rule on how to serve a corporation, partnership, or association); Fla. Stat. § 48.062 ("Service on a domestic limited liability company or registered foreign limited liability company"); *Anthony v. Gary J. Rotella & Assocs., P.A.*, 906 So. 2d 1205, 1208 (Fla. 4th DCA 2005) ("[T]his court held that service was not properly effectuated where the verified return of service indicated that the complaint was delivered to the office

manager of the defendant's registered agent, rather than being served upon the registered agent himself.").

Finally, the motion must explain how the plaintiff can obtain an amount of pre-judgment interest at 1.5% considering that particular relief is not alleged. *See Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

**Ordered** in Jacksonville, Florida, on August 17, 2023.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*

3